IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| KENNETH J. TAGGART | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NORWEST MORTGAGE, INC., et al.: | | No. 09-1281 |


MEMORANDUM AND ORDER

McLaughlin, J.                                    January 11, 2010


     The pro se plaintiff brings this action involving a
mortgage loan held on his property in Holland, Pennsylvania.  He
alleges that the defendants, as successors to the original
lender, are liable for violations of several federal and state
statutes arising out of the formation and servicing of the loan.
He also claims that the defendants, as lenders, breached a
fiduciary duty owed to him as the borrower.

     The defendant Deutsche Bank National Trust Co.
("Deutsche Bank") currently owns the loan as part of a
securitized trust.  Defendant Wells Fargo Home Mortgage, Inc.
("Wells Fargo"), currently acts as servicer of the loan under its
trade name, America's Servicing Company ("ACS").  Wells Fargo
moves to dismiss all of the plaintiff's claims on behalf of all
of the defendants.[1]

---

[1] Wells Fargo avers that defendant Norwest Mortgage, Inc.
merged with Wells Fargo in 1998.  See Defs' Mot. to Dismiss at 2

The plaintiff filed the original complaint in the District Court of Bucks County, Pennsylvania, on February 24, 2009.  Wells Fargo removed the case to this Court on March 24, 2009.  The plaintiff filed an amended complaint on July 7, 2009.  The amended complaint includes claims previously asserted in separate state court actions.

The amended complaint lists 40 counts, although count 14 has been omitted.  Counts 1-9 and 39 of the amended complaint allege violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA").  Counts 10-13 and 18 allege violations of the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq. ("TILA").  Counts 15-17 and 19 allege violations of the Home Ownership Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA").  Counts 20-22 allege that the defendants breached their fiduciary duty to the plaintiff.  Counts 23-37 allege violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Laws, 73 P.S. § 201.1, et seq. ("UTPCPL").  Count 38 alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").  Finally, count 40 alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

The Court grants in part and denies in part the defendants' motion to dismiss.

---

n.1.  All of the defendants are represented by the same counsel.

2

I.   <u>Facts as Alleged in Amended Complaint</u>

   The factual allegations made within the amended complaint are sparse.  The plaintiff, Kenneth J. Taggart, alleges that he applied for a mortgage on a single family residential property he owned in Holland, Pennsylvania, on or about August 24, 2006.  The loan application was made through a company called Community Lending.  The plaintiff alleges that Community Lending then brokered the loan to Decision One Mortgage, Inc., who later sold the loan to Wells Fargo/ASC.

   The plaintiff alleges that the original lender and broker made various misrepresentations and failed to follow proper procedures in settling the loan.  The amended complaint also alleges that the defendants failed to follow proper procedures in resolving disputes that have arisen over the loan.

II.  <u>Analysis</u>

   In their motion to dismiss, the defendants move to dismiss all of the plaintiff's thirty-nine counts.  The defendants' motion to dismiss is granted as to the plaintiff's claims under counts 1, 3, 4, 7, 15, 16, 17, 19, 20, 21, 22, 27, 32, 33, 34, 36 and 37, and those claims are hereby dismissed with prejudice.  The defendants' motion to dismiss is also granted as to the plaintiff's claims under counts 2, 5, 6, 8, 9, 10, 11, 12, 13, 18, 23, 24, 25, 26, 28, 29, 30, 31, 35, 38 and 40, and those

claims are hereby dismissed without prejudice.  The defendants'
motion to dismiss count 39 is denied in part and granted in part.


    A.   Legal Standard

Under Rule 8 of the Federal Rules of Civil Procedure, a
plaintiff's complaint must contain a "short and plain statement
of the claim showing that the pleader is entitled to relief."
Although detailed factual allegations are not required, a
plaintiff cannot satisfy Rule 8 merely by making "a formulaic
recitation of the elements of a cause of action" or "naked
assertions devoid of further factual enhancement."  Ashcroft v.
Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009) (citing Bell Atlantic
Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In evaluating a motion to dismiss under Rule 12(b)(6),
a court must accept all well-pleaded facts as true, but should
disregard any legal conclusions; the court must then determine
whether the facts alleged are sufficient to show that the
plaintiff has a "plausible claim for relief."  Fowler v. UPMC
Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal, 129 S.
Ct. at 1949).  A claim has facial plausibility when the plaintiff
pleads sufficient factual content to allow the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged.  See Iqbal, 129 S. Ct. at 1949.

B.    RESPA

In Counts 1-9 and 39 of the amended complaint, the plaintiff alleges several violations of RESPA.  The defendants move to dismiss all of the plaintiff's RESPA claims, on several grounds.  The Court grants the defendants' motion to dismiss the plaintiff's claims under counts 1, 3, 4, and 7 with prejudice, grants the defendants' motion to dismiss the plaintiff's claims under counts 2, 5, 6, 8 and 9 without prejudice, and denies in part and grants in part the defendants' motion to dismiss count 39.

1.   Counts 1, 3, 4 and 7

In counts 1, 3, 4 and 7, the plaintiff alleges violations of §§ 2603 and 2604 of RESPA.[2]  See Am. Compl. at 6, 7-9, and 10-11.  The defendants argue that the plaintiff's claims under these counts should be dismissed because the statute provides no private right of action under either §§ 2603 or 2604. See Defs' Mot. to Dismiss at 5 n.4.

The Court agrees with the defendants.  The primary source of a private right of action is the text of the statute

_____

[2]Count 7 alleges that the defendants violated 24 C.F.R. § 3500.7 by failing to provide disclosures within three days after the loan application.  See Am. Compl. at 10-11.  Section § 3500.7(i) provides that violations of that section are considered to be violations of § 2604.

itself.  <u>Am. Telephone and Telegraph v. M/V Cape Fear</u>, 967 F.2d
864, 866 (3d Cir. 1992).  Section 2614 expressly provides a
private right of action for violations of only §§ 2605, 2607, and
2608 of RESPA.  Each of those sections has a provision that
expressly provides a private right of action.  <u>See</u> 12 U.S.C. §§
2605(f), 2607(d), and 2608(b).  No such right is created for §§
2603 or 2604.  Section 2614 does not mention §§ 2603 or 2604, and
neither of those sections specifically provides a private right
of action in the text.  A private right of action, therefore,
should not be implied under those sections.  Several courts have
reached a similar conclusion.  <u>See, e.g.</u>, <u>Brophy v. Chase
Manhattan Mortg. Co.</u>, 947 F. Supp. 879, 882 (E.D. Pa. 1996).


    2.   <u>Counts 2, 5, 6, 8 and 9</u>

    In counts 2, 5, 6, 8 and 9, the plaintiff alleges that
the defendants violated § 2607 by charging and failing to
disclose unearned fees.  <u>See</u> Am. Compl. at 9-10, 11-12.  The
defendants argue, among other things, that the plaintiff's claims
under these counts were not timely filed.  The Court finds that
the plaintiff's claims under these counts are time-barred.

    Under 12 U.S.C. § 2607, no person may give or accept
any portion, split, or percentage of any charge made or received
for the rendering of a real estate settlement service in
connection with a transaction involving a federally related

6

mortgage loan other than for services actually performed.   In addition, no person may give or accept any fee, kickback, or thing of value pursuant to any agreement incident to or a part of a real estate settlement service shall be referred to any person. See 12 U.S.C. § 2607(a)-(b).

Under 12 U.S.C. § 2614, any action brought pursuant to § 2607 must be brought within one year of the date of the occurrence of the violation.  See 12 U.S.C. § 2614.  The statute of limitations begins to run when the facts that would support the plaintiff's cause of action are apparent or would be apparent to a reasonable person.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1389 (3d Cir. 1994).

The plaintiff alleges that certain fees related to the loan were unearned and were not disclosed at the closing.  The defendants, however, submitted the loan's HUD-1 disclosure form, signed by the plaintiff on September 15, 2006, as an exhibit to their motion to dismiss.[3]   This form shows that these fees were

---

[3]The defendants have attached several documents to their motion to dismiss.  A court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the document is indisputably authentic and if the plaintiff bases his claims on the document without attaching it to the complaint.  See Miller v. Clinton County, 544 F.3d 542, 550 (3d Cir. 2008).  There is no allegation that the documents provided by the defendants are inauthentic.  Additionally, several of the plaintiff's claims are based upon the content of these documents.  The Court, therefore, will consider the attached documents in deciding this motion to dismiss.

disclosed at the closing. See Defs' Mot. to Dismiss, Ex. B at lines 805, 806, 808, 809 and 901.

Because these fees were disclosed at the closing of the mortgage on September 15, 2006, the facts that would support the plaintiff's cause of action became apparent at that time.  The plaintiff's claims, therefore, are time-barred because he did not bring his claims within one year of the closing date.

The plaintiff argues, however, that the doctrine of equitable tolling applies to his claims.  See Pl.'s Cross-Mot. at 9-10.  The Court of Appeals for the Third Circuit has not explicitly answered the question of whether equitable tolling applies to RESPA.  The Court need not reach this question, however, because it finds that, even if equitable tolling were to apply, the plaintiff has failed to allege specific facts for a plausible equitable tolling claim.

The Court of Appeals has stated that equitable tolling is appropriate (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights, or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. See Oshiver, 38 F.3d at 1387.  The party seeking equitable tolling, however, must demonstrate that he has "exercised reasonable diligence in investigating and bringing [the] claims."

See <u>Miller v. N.J. Dep't of Corrections</u>, 145 F.3d 616, 618-19 (3d Cir. 1998).

On all five of the § 2607 counts, the plaintiff alleges that the defendants actively misled him.  <u>See</u> Am. Compl. at paragraphs 42, 60, 66, 77, and 82.  He alleges in his opposition to the defendants' motion that he did not know he had been misled until "the adjustable rate portion went up" on October 1, 2008, and that he did not discover the defendants' misrepresentation "due to concealment and being misled."  <u>See</u> Pl.'s Cross-Mot. at 10.

All of the alleged unearned fees and costs, however, are plainly stated on the HUD-1 disclosure form.  The plaintiff provides no additional facts that would show what the defendants did to allegedly mislead the plaintiff.  Nor has the plaintiff shown that he has been prevented in some extraordinary way from asserting his rights or that he had timely asserted his rights in the wrong forum.  Without facts alleging specific acts of concealment by the defendants, the amended complaint does not make a plausible argument that equitable tolling applies to his claims under § 2607.

The Court, however, grants the plaintiff leave to amend his complaint under Rule 15 to assert specific facts that would show that the defendants intentionally misled him and that he

exercised reasonable diligence in investigating these misrepresentations.

    3.   <u>Count 39</u>

The plaintiff alleges in count 39 that the defendants violated § 2605(e) by failing to respond to the plaintiff's qualified written requests ("QWRs") regarding the servicing of the loan.  <u>See</u> Am. Compl. at 35.   He also alleges that the defendants violated § 2605(e)(3) by reporting a derogatory entry on his credit report while the loan was in dispute.   The defendants argue, among other things, that they complied with all of the requirements of the section in responding to the plaintiff's QWRs.

The Court grants the defendants' motion to dismiss to plaintiff's claims regarding the plaintiff's QWRs, but it denies the motion to dismiss the plaintiff's claims under § 2605(e)(3). The defendants have attached the relevant correspondence to their motion to dismiss to show that they responded to his QWRs in compliance with § 2605(e)(1) and (2).   The Court, however, finds that the plaintiff has alleged sufficient facts to create a plausible claim that the defendants violated § 2605(e)(3) by reporting his loan in default while the loan was in dispute.

a.    Claims under § 2605(e)(1)-(2)

Section 2605(e)(1) requires the servicer of a mortgage loan to acknowledge receipt of a QWR from a borrower asking for information relating to the servicing of a loan within 20 days, excluding Saturdays, Sundays, and public holidays.  Section 2605(e)(2) directs the servicer to provide the borrower with a substantive letter within 60 days of receipt of the QWR, excluding Saturdays, Sundays, and public holidays.

The plaintiff alleges that he sent qualifying requests on March 29, 2008;[4] May 29, 2008; June 21, 2008; June 26, 2008; and February 24, 2009.  See Am. Compl. at 35.  The defendants attached the letters in question and their responses as exhibits to their motion to dismiss.

After viewing these letters, the Court finds that the defendants adequately responded to the substance of the March 26 and May 29 letters in letters dated April 25, June 16 and June 18, 2008; that the defendants adequately responded to the substance of the plaintiff's June 21 letter in a letter dated July 9, 2008; and that the defendants adequately responded to the substance of the June 26 letter in a letter that was also dated June 26, 2008.  See Defs' Mot. to Dismiss, Ex. E-M.  All of these responses complied with the requirements of § 2605(e).

_____

[4]This appears to be a typographical error.  The defendants have submitted a copy of a letter from the plaintiff dated March 26, 2008.  See Defs' Mot. to Dismiss, Ex. E.

The defendants state that they received no correspondence dated February 24, 2009, from the plaintiff.  They believe that the plaintiff is most likely referencing his original complaint.  See Defs' Mot. to Dismiss at 9 n.8.  The Court agrees and finds that the plaintiff's complaint does not qualify as a QWR.  The complaint does not provide sufficient detail to the servicer about how the plaintiff's account is in error and what information the plaintiff is seeking, as required under § 2605(e)(1)(B)(ii).

b.    Claims under § 2605(e)(3)

The Court does find that the plaintiff has stated facts to create a plausible claim that the defendants violated § 2605(e)(3).  Section 2605(e)(3) provides that during the 60-day period after the date of the servicer's receipt of a QWR relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment related to the dispute to any consumer reporting agency.

The plaintiff alleges that derogatory entries concerning the loan in question appeared on his credit reports within the 60-day period.  See Am. Compl. at paragraph 230.  The plaintiff attached copies of his Experian, Equifax, and Trans Union credit reports from June 26, 2008, to his response to the defendants' motion to dismiss.  See Pl.'s Cross-Mot., Ex.s A5-

12

A7.[5]  These documents state that the plaintiff's mortgage with
ASC had been reported as 30 days past due.  Information regarding
an overdue payment on the loan, therefore, appeared on the
plaintiff's credit report within the 60-day period after the
filing of a QWR.  Taking these documents and the plaintiff's
allegations in the amended complaint as true and viewing them in
the light most favorable to the plaintiff, the plaintiff has pled
sufficient facts to bring a claim under § 2605(e)(3).


    B.    <u>TILA</u>

       In counts 10-13 and 18, the plaintiff alleges
violations of the TILA's disclosure requirements.  As relief, the
plaintiff seeks a rescission of the loan at issue and damages.
The defendants move to dismiss all of the plaintiff's claims
under the TILA, arguing, among other things, that the plaintiff
has not stated a claim for rescission and that his damages claims
are time-barred.

       The Court grants the defendants' motion to dismiss all
of the plaintiff's TILA claims.  The plaintiff has not alleged

---

[5]Although these documents are not attached to the complaint,
the Court of Appeals for the Third Circuit has held that a
"document integral to or explicitly relied upon in the complaint
may be considered without converting the motion [to dismiss] into
one for summary judgment."  <u>In re Burlington Coat Factory Sec.</u>
<u>Litig.</u>, 114 F.3d 1410, 1426 (3d Cir.1997).  The Court finds that
these credit reports are integral to plaintiff's claims that a
derogatory entry appeared on his credit reports.  The Court,
therefore, will consider them in this motion to dismiss.

sufficient facts to state a claim for rescission of the loan.
Furthermore, the plaintiff's damages claims were not timely
filed, and the plaintiff has not pled sufficient facts for a
plausible claim that the doctrine of equitable tolling applies.

    1.  <u>Rescission</u>

      The defendants move to dismiss the plaintiff's claims
for rescission under the TILA.  <u>See</u> Defs' Mot. to Dismiss at 12-
13.  Section 1635(a) of the TILA provides that a customer has a
general right to rescind a loan transaction within three days
following the consummation of the transaction or the delivery of
certain material disclosures and a notice of the borrower's right
to rescind the loan.  Section 1635(f) and Regulation Z, the
TILA's implementing regulation, provide that if material
disclosures or the notice of the right to rescind are not
provided to the borrower, a loan can be rescinded for up to a
maximum of three years after the loan closing.  <u>See</u> 12 C.F.R
§ 226.23(a)(3).  Regulation Z states that the following are to be
considered material disclosures: "the annual percentage rate, the
finance charge, the amount financed, the total payments, the
payment schedule, and the disclosures and limitations referred to
in § 226.32(c) and (d)." 12 C.F.R. § 226.23(a), n. 48.

      When a loan includes a variable rate feature, as the
plaintiff's loan does, the TILA also requires additional

disclosures.  <u>See</u> 12 C.F.R. § 226.19(b).  The Court of Appeals
for the Third Circuit, however, has stated that the only required
"material disclosures" with respect to the variable-rate nature
of a mortgage are a notification that the interest rate and
monthly payment may increase and the amount of the single maximum
monthly payment.  <u>See</u> <u>McCutcheon v. America's Servicing Co.</u>, 560
F.3d 143, 150 n.6 (3d Cir. 2009).

     The plaintiff alleges in his TILA counts that the
defendants failed to deliver the material disclosures.  <u>See</u> Am.
Compl. at paragraphs 84, 89, 94, 99 and 119.  The defendants,
however, provide the required Truth-in-Lending Disclosure
Statement and Notice of Right to Cancel as attachments to their
motion.  <u>See</u> Defs' Mot. to Dismiss at 12-13 and Ex. N & O.  The
Truth-in-Lending Disclosure Statement lists, in plain language,
all of the material disclosures required under Regulation Z.[6]
The Notice of Right to Cancel also complies with the TILA's
requirements.  Because the defendants' documents show that all
material disclosures were delivered, the plaintiff has not pled
facts sufficient to create a plausible argument that he has a
right to rescind the loan.

---

[6]Although § 1635(e) provides that written acknowledgment of
receipt of any disclosures required under the statute creates
only a rebuttable presumption of delivery thereof, the Court
finds that the plaintiff could not rebut the clear statements
provided in these disclosure forms.

2.   <u>Damages</u>

The defendants also move to strike the plaintiff's claims for damages under the TILA because they were not brought within the one-year statute of limitations period.  <u>See</u> Defs' Mot. to Dismiss at 12 n.10.  An action for damages under the TILA must be commenced within one year of the occurrence of the violation.  15 U.S.C. § 1640(e); <u>Smith v. Fid. Consumer Disc. Co.</u>, 898 F.2d 896, 903 (3d Cir. 1990).  The TILA requires that disclosures be made before "credit is extended" to the consumer.  <u>See</u> 15 U.S.C. § 1638(b)(1).  In other words, and as explained by the relevant regulation, the required disclosures must be made "before consummation of the transaction."  12 C.F.R. § 226.17(b).  A transaction is "consummated" when "the consumer becomes contractually obligated on a credit transaction."  12 C.F.R. § 226.2(a)(13); <u>see also, e.g.</u>, <u>Bartholomew v. Northampton Nat'l Bank</u>, 584 F.2d 1288, 1296 (3d Cir. 1978); <u>Wenglicki v. Tribeca Lending Corp.</u>, No. 07-4522, slip op. at 8 (E.D. Pa. July 22, 2009); <u>Roche v. Sparkle City Realty</u>, No. 08-2518, 2009 WL 1674417, at *2 (E.D. Pa. June 12, 2009).  Here, the plaintiff signed the loan at issue on September 15, 2006.  He brought his claim over two-years later, on February 24, 2009.  The plaintiff's claim for damages under the TILA is therefore time-barred.

16

The plaintiff, however, argues that the doctrine of equitable tolling also applies to his TILA claims.  See Pl.'s Cross-Mot. at 10.  The Court of Appeals for the Third Circuit has held that equitable tolling is available under TILA.  See Ramadan, 156 F.3d at 504.  The Court, however, finds that the plaintiff has not stated sufficient facts to show that he has a plausible claim for equitable tolling under TILA.  Nor has the plaintiff shown that he has been prevented in some extraordinary way from asserting his rights or that he had timely asserted his rights in the wrong forum.  As with his claims under RESPA, the plaintiff has not alleged any facts describing specific acts of concealment by the defendants.

The Court, however, grants the plaintiff leave to amend his complaint under Rule 15 to assert specific facts that would show that the defendants intentionally misled him and that he exercised reasonable diligence in investigating these misrepresentations.

C.   HOEPA

Counts 15-17 and 19 allege violations of HOEPA.  The defendants move to dismiss all of the plaintiff's HOEPA claims. The Court grants the defendants' motion to dismiss counts 15-17 and 19 with prejudice because it finds that the plaintiff's loan does not meet either of the tests required for HOEPA to apply.

17

In order for HOEPA to apply to a loan, the loan must meet one of two tests: (1) the annual percentage rate at consummation must exceed by 8 percent for first-lien loans the yield on Treasury securities of comparable periods of maturity as of the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or (2) the total of all the loan's points and fees exceeds eight percent of the loan or $400 (adjusted for inflation), whichever is greater.  See 15 U.S.C. § 1602(aa)(1); 12 C.F.R. § 226.32(a)(1)(i) and (a)(1)(ii).

The plaintiff applied for the Mortgage Loan on August 24, 2006.  See Am. Compl. at 20-23.  The parties agree that the 30-year Treasury rate on July 17, 2006,[7] was 5.10% and that, for the plaintiff to meet the first test, the annual percentage rate (APR) would have to exceed 13.10% (8 plus 5.10).  See Def.'s Mot. to Dismiss at 17-18; Pl.'s Cross-Mot. at 16.

The Truth-in-Lending Disclosure Statement lists the APR for the loan at the time of consummation as 11.4442%.  See Def.'s Mot. to Dismiss, Ex. N.  The plaintiff, therefore, does not meet the first test to bring a claim under HOEPA because the annual percentage rate at consummation does not exceed the 30-Year Treasury rate by 8%.

---

[7]July 15, 2006, was a Saturday and no rate was published.

Applying the second test, the defendants state that the total of the loan's points and fees is $16,602.49, which is approximately 4.34% of the Mortgage Loan principal.  See id. at 18.  The plaintiff does not dispute this claim.  Because the total of all the loan's points and fees exceeds eight percent of the loan, the plaintiff does not meet the second test to bring a HOEPA claim.

D.   Breach of Fiduciary Duty

Counts 20-22 allege that the defendants breached a fiduciary duty to the plaintiff for failing to obtain the best loan available at the time of refinance.  See Am. Compl. at 20-23.  The defendants move to dismiss all of the plaintiff's breach of fiduciary duty claims and argue that they did not owe a fiduciary duty to the plaintiff under Pennsylvania law.  The Court agrees and grants the defendants' motion to dismiss counts 20-23 with prejudice.

Under Pennsylvania law, a lender dealing at arms-length with a borrower has no fiduciary duty to that borrower unless a confidential relationship has been formed.  See Fed. Land Bank of Baltimore v. Fetner, 410 A.2d 344, 348 (Pa. Super. 1979), cert. den., 446 U.S. 918 (1980).  The relationship between lenders and borrowers is not a confidential relationship unless the lender exercises substantial control over the borrower's business

affairs.  See Frowen v. Blank, 425 A.2d 412, 416 (Pa. 1981);
Temp-Way Corp. v. Continental Bank, 139 B.R. 299, 318 (Bankr.
E.D.Pa. 1992), aff'd, 981 F.2d 1248 (3d Cir. 1992).

Because the plaintiff has not alleged, nor do his
allegations show, that the defendants exercised substantial
control over his business affairs, no fiduciary duty has been
established.

E.    UTPCPL

Counts 23-37 allege violations of the UTPCPL, 73 P.S.
201-1, et seq.  See Am. Compl. at 22-23.  The defendants move to
dismiss all of the plaintiff's UTPCPL claims on several grounds.

As a preliminary matter, Count 32 is identical to Count
30, and Count 36 is identical to count 37.  The Court, therefore,
grants the defendants' motion to dismiss the plaintiff's claims
under counts 32 and 37 as duplicative.  The Court also grants the
defendants' motion to dismiss the plaintiff's claims under counts
27, 28, 29, 30, 31, 33, 34, 35 and 36 because they are identical
to RESPA, TILA and HOEPA claims that have already been
dismissed.[8]  In accordance with the Court's treatment of the

_____

[8]The following UTPCPL counts contain identical allegations
as those counts in parentheses: count 27 (count 4); count 28
(count 9); count 29 (count 10); count 30 (count 12); count 31
(count 13); count 33 (count 15); count 34 (count 16); count 35
(count 18); and count 36 (count 20).  See Defs' Mot. to Dismiss
at 19 n.13.

plaintiff's RESPA, TILA and HOEPA claims, the plaintiff's claims under counts 27, 33, 34 and 36 are dismissed with prejudice, and his claims under counts 28, 29, 30, 31 and 35 are dismissed without prejudice.

Finally, the Court grants the defendants' motion to dismiss the plaintiff's claims under counts 23, 24, 25 and 26 without prejudice because it finds that the plaintiff has not plead with specificity that the defendants defrauded him.

The plaintiff does not cite which provision of the UTPCPL that he believes the defendants violated.  The Court will assume, as did the defendants, that the plaintiff is alleging violations under the UTPCPL's catch-all provision, 73 P.S. § 201-2(4)(xxi).  See Defs' Mot. to Dismiss at 20.  This section provides that a person violates the UTPCPL by engaging in any fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding.

To bring a claim for fraud under this provision, a plaintiff must state the elements of common-law fraud.  See Tran v. Metropolitan Life Ins. Co., 408 F.3d 130, 140-41 (3d Cir. 2005).  In order to prove common-law fraud, a plaintiff must provide clear and convincing evidence of: (1) a misrepresentation, (2) material to the transaction, (3) made falsely, (4) with the intent of misleading another to rely on it, (5) in which justifiable reliance resulted, and (6) in which

21

injury was proximately caused by the reliance.  See Santana Products, Inc. v. Bobrick Washroom Equipment, Inc., 401 F.3d 123, 136 (3d Cir. 2005).

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of Am., 361 F.3d 217, 223-224 (3d Cir. 2004).  To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.  Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

The plaintiff has alleged that the defendants intentionally misled him by allegedly failing to provide the proper disclosures and failing to disclose all fees and costs of the loan at the time of the mortgage application.  See Am. Compl. at 22-25, 26-27 and 31-32.  Outside of these broad accusations, however, the plaintiff does not state with particularity or otherwise inject precision into the circumstances surrounding the allegations of fraudulent conduct by the defendants.  The plaintiff does not meet the pleading requirements of Rule 9(b) because he fails to provide any factual evidence that the lender intentionally made a material misrepresentation, that he

justifiably relied upon such misrepresentations, or that he suffered damages proximately caused by such reliance.

There is some authority to suggest that the catch-all provision also applies to acts that are merely deceptive. See Hunt v. U.S. Tobacco Co., 538 F.3d 217, 255 (3d Cir. 2008). Even if the heightened particularity is not required for "deceptive" conduct, the Court still concludes that the amended complaint does not contain sufficient factual content to show that the defendants engaged in such conduct. The amended complaint contains only conclusory allegations and is devoid of representations made by the defendants or any specific actions taken by them that would cause any likelihood of confusion. These allegations are insufficient to survive the federal pleading standards set forth in Twombly and Iqbal.

The Court, however, grants the plaintiff leave to amend his complaint under Rule 15 to state specific facts that would state a claim for common-law fraud or deception under the UTPCPL.


F.   FCRA and FDCPA

Count 38 of the complaint alleges violations of the FCRA. Count 40 of the complaint alleges violations of the FDCPA. The defendants move to dismiss the plaintiff's claims under both of these counts. The Court grants the defendants' motion to dismiss counts 38 and 40 without prejudice.

23

Count 38 alleges that the defendants violated the FCRA by continuing to report allegedly inaccurate information to the credit bureaus and for failing to report that the loan was in dispute.  See Am. Compl. at 34.  Although the plaintiff is not specific as to which section of the FCRA he believes the defendants violated, this claim most likely alleges a violation of 15 U.S.C. § 1681s-2(b).  Under that provision, a plaintiff must prove (1) that he notified a credit reporting agency of the dispute under § 1681i, (2) that the credit reporting agency notified the party who furnished the information under § 1681i(a)(2), and (3) that the party who furnished the information failed to investigate or rectify the disputed charged.  See Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 363 (E.D. Pa. 2001).

The defendants argue that, because the plaintiff did not specifically plead that he contacted a credit reporting agency to notify it of the dispute, this FCRA claim should be dismissed.  See Def.'s Mot. to Dismiss at 22.

This claim is dismissed without prejudice.  If the plaintiff has evidence that he fulfilled the requirements of § 1681i(a)(2), then he may amend his complaint under Rule 15 to state those facts for this count.

In count 40, the plaintiff alleges violations of the FDCPA.  See Am. Compl. at 36.  The FDCPA provides a remedy for

consumers who have been subjected to abusive, deceptive or unfair debt collection practices.  Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000).  The provisions of the FDCPA generally apply only to debt collectors.  Id. at 403.

The statute defines a "debt collector" as any person who attempts to collect debts "owed or due or asserted to be owed or due another."  See 15 U.S.C. § 1692a(6).  The definition explicitly does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii).

The allegations in this count deal with the servicing of the loan and apply only to Wells Fargo as the loan's servicer. Wells Fargo argues that it is not a "debt collector" under the FDCPA because the plaintiff has not alleged that the debt being serviced was in default at the time it was obtained by the servicer, as required under § 1692a(6)(F)(iii).  See Def.'s Mot. to Dismiss at 23.  The Court agrees that Wells Fargo is not a debt collector as defined by the FDCPA under the facts alleged. The plaintiff has not alleged that the loan was in default at the time it was obtained by Wells Fargo.

This count is also dismissed without prejudice.  If there is evidence that the loan was in default when Wells Fargo

began servicing the loan, then the plaintiff may amend his
complaint to allege those facts.

III. <u>Conclusion</u>

For the reasons stated above, the defendants' motion to
dismiss is granted for the plaintiff's claims under counts 1-13,
15-38 and 40.  The plaintiff's claims under counts 1, 3, 4, 7,
15-17, 19-22, 27, 32-34, 36 and 37 are hereby dismissed with
prejudice.  The plaintiff's claims under counts 2, 5, 6, 8-13,
18, 23-26, 28-31, 35, 38 and 40 are dismissed without prejudice.
The defendants' motion to dismiss count 39 is denied in part and
granted in part.

An appropriate Order shall issue separately.