



# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

Kenneth J Taggart
45 Heron Rd
Holland, Pa 18966

Plaintiff:

Civil Case# 09-cv-1281

v.

Wells Fargo Home Mortgage, Inc.
Mac X2401-049
1 Home Campus
Des Moines, IA. 50328

**FILED**
APR 12 2010
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Norwest Mortgage, Inc.
America's Servicing Company
Mac 2406-011
1 Home Campus
Des Moines, IA. 50328

Deutsche Bank National Trust Company,
Trustee for Morgan Stanley ABS Capital I Inc.,
Trust 2007-HE2
Wells Fargo Home Mortgage and America's Servicing Company
to provide address and service of complaint to this defendant

and Does

Defendant(s),

_____

## 2nd Amended Complaint

_____

This is a **2ND amended complaint** being filed in compliance with the

Memorandum and order dated January 11,2010 and extension granted to extend

time to filed an amended complaint until April 11,2010.

### Short and Plain Statement of Claim

The Plaintiff, Kenneth J Taggart, is bringing claim against defendant(s) Wells Fargo Home Mortgage Inc. (Wells Fargo), America's Servicing Company (ASC), and Deutsche Bank National Trust Company (Deutsche Bank) for several violations of law during the origination and Servicing of Plaintiff's mortgage loan on his property located at; 45 Heron Rd, Holland, pa 18966.

The Defendant(s) Wells Fargo, & Deutsche Bank as subsequent lenders are in violation of mortgage origination laws (Federal statutes), The Truth-In-Lending Act (TILA), The Real Estate Settlement & Procedures Act (RESPA), and Pennsylvania State Statutes of The Unfair Trade Practices Act & Consumer Protection laws (UTPCPL), as well as Pennsylvania State statutes that regulate mortgages, 41. P.S. 301 (a-f). Defendants, Wells Fargo, & Deutsche Bank purchased a loan that did not follow all disclosure laws regarding fees, costs and terms of the loan during the origination and loan closing; They also did not provide representative at closing to explain confusing and mis leading terms as well as concealed terms. The Plaintiff is entitled to relief under the law; The law permits relief of compensatory damages, punitive damages, statutory damages, special damages, treble damages and rescission of loan. Plaintiff has suffered among other things, financial loss as well as financial and emotional stress caused by Defendants, Wells Fargo, & Deutsche Bank actions.

America's Servicing Company (ASC), violated mortgage loan servicing Laws, RESPA, UTPCPL, The Fair Credit Reporting Act (FACRA), The Fair Debt Collection Practices Act (FDCPA) and PA statutes 73 P.S. 2270.4. ASC failed

2

to respond to servicing issues that occurred while they were servicing the loan

with Plaintiff.  ASC , among other things, failed to protect credit rating of Plaintiff,

reported inaccurate and derogatory information about Plaintiff to credit bureaus.

ASC's actions caused damage and defamation to Plaintiff. The Plaintiff is

entitled to relief  under the law; The law permits relief of compensatory damages,

punitive damages, statutory damages, special damages, treble damages and

rescission of loan. Plaintiff has suffered, among other things, financial loss as

well as financial and emotional stress caused by Defendant, ASC.

COMES NOW PLAINTIFF, KENNETH J TAGGART, an individual, who

all alleges damages and seeks relief against Defendants, and each of them as

follows.

## JURISDICTION & VENUE

1.     Jurisdiction and Venue is conferred as the property is located and all
transactions took place in Bucks County, State of Pennsylvania.

2.     Plaintiff relies on Federal Statues and Pennsylvania State law
on which to base his claims ; The Real Estate Settlement & Procedures Act,
& The Consumer Protection Credit Act. 15 U.S.C. 1601,  The Federal Truth In
Lending Act & Regulation "Z", The Fair Credit Reporting Act, The Fair Debt
Collection Practices Act, - Pennsylvania State Law, The Pennsylvania Unfair
Trade, Practices and Consumer Protection. Fair Credit Extension Uniformity Act

Act  15 U.S.C. 1601,  12 U.S.C.A. 2601, 12 U.S.C.A. 2603,12 U.S.C.A. 2604,
12 U.S.C.A. 2607,12 U.S.C.A. 2610.,12 U.S.C.A. 2603, 24 CFR 3500.14,
24 CFR 3500.6, 24 CFR 3500.7, CFR 3500.10, 12 CFR 226.20,
12 CFR 226.19(b), 12 CFR226.18, 12 CFR  226.18(g), 12 CFR 226.18(h),
12 CFR 226.31(c), 12 CFR 226.32(c), 15 U.S.C.1639(a),15 U.S.C.1639(b),
15 USC 1681, 12 USC 2605, 15 USC 1601,1692,1692-1622p.

PA  UTPCPL 73 PS. 201-1 73 P.S.    201-9.2

PA Title 41 P.S. 301 ,  PA 73 P.S. 2270.4

3

## PRELIMINARY ALLEGATIONS

3.     At all times relevant herein, Plaintiff, Kenneth J Taggart, is the owner of a single family residential property whose address is ; 45 Heron Rd, Holland, Pa. 18966

4.     At times relevant herein, Plaintiff is informed and believe that the Defendants, Wells Fargo Home Mortgage, Inc., America's Servicing Company, and Deutsche Bank National Trust Company is or are Corporations, Limited Liability Partnerships or Limited Liability Companies doing business in Bucks County, State of Pennsylvania.

5.     At all times relevant herein, Plaintiff is informed and believes and thereon alleges that the true names, and identities and capacities, whether individual corporation, association, partnership or otherwise are at this time unknown to Plaintiff who therefore sues said Defendants by such fictitious names and will so amend complaint to show the true names and capacities of such Doe Defendant(s) when the same are ascertained.

6.     At all times relevant herein, Defendants are sued and were acting as principal employer, and or agent, servant and employee of the said principal(s) or employee(s), and all of the acts performed by them, or their agents, servants and employees, were performed with the knowledge and under the control of said principal(s) or employer(s) and all such acts performed by such agents, servants and/or employers, were performed within the course and scope of their authority.

4

## STATEMENT OF FACTS

7.     On or about August 24, 2006, Plaintiff applied for a mortgage for the
single family residential property he owned at: 45 Heron Rd, Holland, Pa 18966
(Exhibit A17)

8.     The loan application for mortgage was made through Community Lending
at a branch in Willow Grove, Pennsylvania. (is believed to be out of business)

9.     Community Lending then brokered the loan to Decision One Mortgage
Inc, (Decision One is believed to be out of business)

10.     The loan was then sold later to America's Servicing Company (ASC), a
Company owned by Wells Fargo, Inc. ( or sold to Wells Fargo and America's
Servicing Company serviced the loan and is owned by Wells Fargo)

11.     An interest in the mortgage was sold at some point to Deutsche Bank
National Trust Company; This must be determined and disclosed by servicer.

12.     Subsequent lenders, purchasers of mortgages, assignees or transferees
are also responsible for violations by original broker and mortgage company
per TILA, RESPA, & Pennsylvania Statutes.

13.     Original lender and broker ( Decision One and Community Lending)
failed to follow "Truth In Lending"  &  The Real Estate Settlement and
Procedures Act" during the origination process of the loan.

14     During the origination process Plaintiff was not provided with a "Good
Faith Estimate" from Decision One Mortgage until after settlement.

5

The disclosure provided in regards to adjustable rate loan was for a "5 year Interest only loan" instead of a 2 year adjustable rate (See Exhibit A1 & A8)

15.   Defendant(s) who charged fees in excess of normal loan charges and settlement fees and failed to disclose them to Plaintiff. A violation of the "Truth-In-Lending Act" (TILA) and "The Real Estate Settlement and Procedures Act" (RESPA) . Also in violation of Pennsylvania State Statutes (UTPCPL). The broker charged an unearned "Yield Spread Premium of $3,825 at settlement; This was not disclosed prior to settlement  (Exhibit A17 & A21).

16.   Defendant(s) charged undisclosed broker fees.A violation of the "Truth-In-Lending Act" (TILA) and "The Real Estate Settlement and Procedures Act" (RESPA). Also in violation of Pennsylvania State Statutes (UTPCPL). Fax fee of $35, overnight fee of $20, Processing fee of $550, Yield spread Premium of $3,825 and undisclosed interest of $927.99. (Exhibit A17 & A21).

17.   Decision One charged a higher interest rate than disclosed by the broker without disclosing it prior to settlement. A violation of the "Truth-In-Lending Act" (TILA) and "The Real Estate Settlement and Procedures Act" (RESPA). Plaintiff relied on broker, but Decision One changed terms at the last minute and rushed Plaintiff through settlement without a representative from Decision One at closing to explain terms and costs. When Plaintiff realized a few days after settlement that  the loan charges were not as quoted, he called Decision One. Decision One told Plaintiff he signed the papers and he

6

is obligated to pay. Furthermore, Plaintiff did not realize that "The Margin" on

The loan changed from what was quoted by broker until after the fixed rate

portion of the loan ended after 2 years. Furthermore, Decision One added

A minimum interest rate not disclosed by the broker or Decision One prior

to settlement.  Plaintiff later filed suit against Wells Fargo and Deutsche Bank

who purchased the loan from Decision One. (Exhibit A17)

18.     The APR, Annual Percentage Rate, was higher than the broker had

disclosed prior to settlement and not disclosed by Decision One. A violation of

the "Truth-In-Lending Act" (TILA) and "The Real Estate Settlement and

Procedures Act" (RESPA).  ( See Exhibit A1 & A17)

19. Plaintiff was deceived and misled by Decision One several times:

    A) . **Decision One also sent out the wrong disclosures.  They sent

out disclosures for 5 yr ARM - interest only disclosure instead,  not the

correct disclosures for the loan** ( See Exhibit A1)

    B). Decision One failed to provide closing documents and HUD 1 sheet

at least 24 hours prior to settlement. (Lenders are required to show proof of

Compliance when asserted in court per TILA & RESPA, Payne v. Equicredit

No.oo-6442 slip at 10-11 (E.D. Pa April 12,2002))

    C) Disclosures that were supposed to be provided within 3 days of

mortgage application (Aug 28,2006) ; They were received after closing. (See

Exhibit   A8  & A17). They were mailed Sept 5,2006 and received Sept 20,2006 After closing.

D) Decision One did not provide representative at closing (Sept 15,2006) to explain closing documents to Plaintiff; This was the first time Plaintiff was seeing terms and disclosures.

E) Decision One provided confusing and misleading terms with no representative to explain documents and terms at closing. (See Adjustable Rate Rider - Exhibit A18 , A19 & A20)

F) Decision One concealed terms " When the rate and Payment amount is changed ( Wrong disclosure - see Exhibit A1).

G) Decision One Failed to disclose the total Payments using the term and descriptive explanation such as " The amount you will have paid when you have made all scheduled payments" ( see Exhibit A2)

H) Decision One failed to disclose the total payments and sum of payments, and when each payment is due ( see Exhibit A2).

I) Decision One failed to disclose the payment schedule per Regulation Z; Creditors must disclose the number of payments, amounts, and timing of payments scheduled to repay the obligation ( see Exhibit A2).

J) Decision One failed to make all disclosures available before

8

consummation. Lenders are required to show proof of Compliance when asserted in court per TILA & RESPA, Payne v. EquicreditNo.oo-6442 slip at 10-11 (E.D. Pa April 12,2002))

K) Decision One Failed to Provide statement that " Disclosure forms are available for the creditors other variable rate loan programs. Lenders are required to show proof of Compliance when asserted in court per TILA & RESPA, Payne v. Equicredit  No.oo-6442 slip at 10-11 (E.D. Pa April 12,2002))

L) Decision One Failed to disclose the " Margin" on the loan prior to closing. Lenders are required to show proof of Compliance when asserted in court per TILA & RESPA, Payne v. EquicreditNo.oo-6442 slip at 10-11 (E.D. Pa April 12,2002))

M) When Plaintiff called Decision One after closing to question fees On settlement sheet, they told Plaintiff that he had signed paperwork and was stuck with the loan

20.    Plaintiff was misled by ASC as to the rescission of the loan and as to the receipt of the letter requesting rescission of the loan

A)      Plaintiff notified all defendants on September 11,2009 by registered U.S. Mail that he would like to " Rescind the Loan"; This is within  3 years of  the consummation of the loan. *Note: Rescission starts the day it was mailed. (Exhibit A3 & A4)*

*B).*    America's Servicing Company responded on September 21,2009

9

Alleging that the letter was received on September 16,2009; A print out from The U.S. Postal Service indicates that it was in fact delivered on September 15,2009 at 5:44 A.M ( Exhibit A12 - A16).

C)      America's Servicing Company acknowledges that the right to rescind the Loan extended until September 15, 2009, but has attempted again to mislead Plaintiff as to the material facts.( Exhibit A12 - A16).

D)      This is an attempt by Defendants to willfully mislead Plaintiff as to the material facts of the case and as to the "Right of Rescission" ( Exhibit A12 - A16).

21      Plaintiff was denied the "Due Diligence" period that should have been afforded 18 days by TILA & RESPA if all disclosures were timely provided. Plaintiff had to rely on what the broker had told plaintiff.  The disclosures and mortgage documents were confusing and misleading and there was no one present at closing from Decision One to explain closing documents. The closing documentsand disclosures were confusing and misleading. Defendant(s) acknowledge that all disclosures were not provided prior to settlement. (See Exhibit A18 - A20).

22.     It is clear that there was no benefit to the Plaintiff for taking  this adjustable rate loan; If the Plaintiff, or any rational person would have known the actual terms that were concealed, the loan papers would Never have been signed. *The rate could only go up and not down?*

/o

It is apparent that the Plaintiff relied on deceptive conduct and statements. If disclosures were timely, plaintiff could have had enough time to complete "Due Diligence" as provided by TILA & RESPA. Plaintiff could have obtained A fixed rate at the same or similar rate that would stay the same; There was no benefit to Plaintiff. Plaintiff relied on Brokers terms.

23.     Decision One engaged in Predatory Lending, Bad Faith and practiced Dishonest Business Policies. Decision One charged excess broker fees and settlement charges inflating the rate and charges paid by Plaintiff.

24.     Plaintiff was also promised that this loan could be refinanced at any time provided credit was good. Plaintiff tried to get a refinance even with good credit but with no avail.

25.     Plaintiff has tried to mediate these issues with Defendant(s) but with no avail.

26.     Defendant, Wells Fargo and Deutsche Bank violated Pennsylvania state laws by knowingly Purchasing a loan that violated "The Pennsylvania Unfair Trade and Practices Act & Consumer Protection Laws (UTPCPL) and Pennsylvania Title 41. P.S.301 that regulates mortgages in the state of Pennsylvania. Subsequent lenders are also responsible for violations.

27.     During the servicing of the loan, America's Servicing Company Defendant, failed to follow the procedures by law to resolve disputes provided

11

Under RESPA- Section Six, FACRA, FDCPA, & UTPCPL).

28.    Defendant, America's Servicing Company,  on several occasions willfully refused to follow "The Real Estate Settlement and Procedures Act"(RESPA) , "The Fair Credit Reporting Act" (FCRA) and "The Fair Debt Collection Practices Act" FDCPA) . 3/29/08, 5/29/08,6/21/08,6/26/08 & 2/37/09 Defendant(s) failed to report the account as "In Dispute" with the credit Bureaus. 5/15/08 & 5/30/08 failed to credit payments as required. 6/26/08 reported inaccurate and derogatory information while in dispute in violation of "The Fair Credit Reporting Act". 15 U.S.C. 1681. Also a violation of (UTPCPL). Plaintiff was in the process of refinancing another loan on another property and it delayed closing in June 2008 causing Plaintiff to pay a higher interest rate for the 30 year term of the Loan (See Exhibits A5 - A7 & A9 - A11).

29    During the process of resolving disputes, America's Servicing Company willfully and without disregard to Plaintiff caused Plaintiff harm by reporting inaccurate information, mis information, and failing to report account in dispute when obligated to by law. RESPA Sec Six , FCRA & FDCPA (See Exhibits A5 - A7 & A9 - A11).

30.    Plaintiff suffered "Defamation of Character" when violations occurred in reporting credit history causing Plaintiff to loose thousands of dollars , causing him to pay higher interest rates, and adversely affecting credit score (See Exhibits A5 - A7 & A9 - A11).

/2

31.     Defendant, America's Servicing Company, violated The Pennsylvania
Unfair Trade and Practices Act & Consumer Protection Laws (UTPCPL)
RESPA, FCRA and FDCPA during the servicing of this loan.

## FIRST CLAIM FOR RELIEF

COMES NOW PLANTIEF and for the separate and distinct CLAIM FOR
RELIIEF for Intentional Misrepresentation against Defendants, allege as
follows:

32.     Plaintiff repeats and re pleads paragraphs 1 through 31 and
incorporates the allegations by reference as though fully set-forth herein

33     Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s)
charged Plaintiff a undisclosed broker processing fee of $550 and other
unearned fees at  closing without prior disclosure ( see Exhibit A17 & A21).

34.     Defendant(s) violated " The Real Estate Settlement and Procedures
Act" by not disclosing all fees and charges prior to settlement.
RESPA 31 CFR 3500.14, 12 U.S.C. 2607

35.     Defendant(s), and each of them, committed the acts herein alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's
rights. Conduct by the Defendants, and each of them, amounted to malice and
was carried out in a despicable, deliberate, cold, callous and intentional manor

13

thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

36.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

37.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## SECOND CLAIM FOR RELIEF

COMES NOW PLANTIEF and for the separate and distinct CLAIM FOR RELIIEF for Intentional Misrepresentation against Defendants, allege as follows:

38.   Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein

39   Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s) charged Plaintiff a undisclosed overnight fee of $20 and other unearned fees at  closing without prior disclosure (see Exhibit A17 & A21).

40.   Defendant(s) violated " The Real Estate Settlement and Procedures Act" by not disclosing all fees and charges prior to settlement.

14

RESPA 31 CFR 3500.14, 12 U.S.C. 2607

41.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

42.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

43.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRD CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

15

44.     Plaintiff repeats and repleads paragraphs 1 through 31 and
incorporates the allegations by reference as though fully set-forth herein

45      Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s)
charged Plaintiff undisclosed $927.99 interest and other unearned fees
at closing without prior disclosure ( see Exhibit A17 & A21).

46.     Defendant(s) violated " The Real Estate Settlement and Procedures
Act" by not disclosing all fees and charges prior to settlement.
RESPA 31 CFR 3500.14, 12 U.S.C. 2607, CFR 3500.7

47.     Defendant(s), and each of them, committed the acts herein alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's
rights. Conduct by the Defendants, and each of them, amounted to malice and
was carried out in a despicable, deliberate, cold, callous and intentional manor
thereby entitling Plaintiff to recover punitive damages from the Defendant in
an amount according to proof.

48.     Plaintiff is informed and believes that as a further result of Defendant(s)
conduct, Plaintiff has suffred economic damages in the amount to be proven
at trial.

49.     Plaintiff is informed and believes and thereon alleges that as a result of
the misrepresentation of the Defendant(s), Plaintiff has suffered severe
emotional

distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

## FOURTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR
RELIEF for Intentional Misrepresentation against Defendants, allege as
follows:

50.     Plaintiff repeats and repleads paragraphs 1 through 31 and
incorporates the allegations by reference as though fully set-forth herein.

51      Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s)
charged Plaintiff undisclosed $35.00 broker fax fee and other unearned fees
at  closing without prior disclosure ( see Exhibit A17 & A21).

52.     Defendant(s) violated " The Real Estate Settlement and Procedures
Act" by not disclosing all fees and charges prior to settlement.
RESPA 31 CFR 3500.14, 31CFR 3500.7 ,12 U.S.C. 2607

53.     Defendant(s), and each of them, committed the acts herein alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's
rights. Conduct by the Defendants, and each of them, amounted to malice and
was carried out in a despicable, deliberate, cold, callous and intentional manor
thereby entitling Plaintiff to recover punitive damages from the Defendant in
an amount according to proof.

17

54.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

55.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## FIFTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

56.    Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

57.    Defendant(s) charged plaintiff undisclosed broker fees , "Yield Spread Premiums" in  excess of normal market fees and engaged in predatory lending by charging Plaintiff higher than current market rates for the loan.

The Premium of $3,825 by lender for higher interest rate to borrower willfully and knowingly charging a higher interest rate than should have been charged. 12 U.S.C. 2607, 31 CFR 3500.14 ( see Exhibit A17 & A21).