was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

137. Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

138. Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY FIRST CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Mortgage servicing and Defamation, allege as follows

139. Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

140. Plaintiff disputed the payment history, payments credited as well as payment amount several times and defendant failed to follow the

procedure under " Real Estate Settlement and Procedures Act". Defendant(s) failed to report to the Credit Bureaus that the loan was in dispute, failed to make a consumer report disclosure, reported inaccurate information to the credit bureaus, and damaged the character of the Plaintiff.

141. 3/29/08, 5/29/08,6/21/08,6/26/08 & 2/31/09 Defendant(s) failed to provide the name, person, and phone number who can resolve the dispute. *A response was provided by America's Servicing Company, however it was not possible to contact the person listed on the response via phone as required by law. Plaintiff was just sent to customer service department.*

On 5/15/08 & 5/30/08 failed to credit payments as required.

142. 6/26/08 reported inaccurate and derogatory information while in dispute in violation of Section six of "The Real Estate Settlement and Procedures Act". 12 U.S.C. 2605. Defendant(s) failed to protect the credit rating of the Plaintiff during the 60 day protection period while in dispute. This also violates the UTPCPL.

143. Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor

thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

144. Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

145. Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY SECOND CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Fair Debt Collection violations and Defamation, allege as follows

146. Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

147 Plaintiff disputed the payment history, payments credited as well as payment amount several times and defendant failed to follow the procedure under " Fair Debt Collections Practices Act". Defendant(s) failed to report to the Credit Bureaus that the loan was in

dispute, failed to make a consumer report disclosure, reported inaccurate information to the credit bureaus, and damaged the character of the Plaintiff.

The Defendant, America's Servicing Company, becomes a "Debt Collector" under the definition provided under FDCPA.

148. 3/29/08, 5/29/08,6/21/08,6/26/08 & 2/31/09 Defendant(s) failed to report to credit bureaus "As Disputed". Section 807(f) 15 U.S.C. 1601, 15 U.S.C. 1692 ,1692-1622p

149. Defendant on 5/15/08 & 5/30/08 failed to credit Plaintiff's payments as required.

150. 6/26/08 reported inaccurate and derogatory information while in dispute in violation of "The Fair Debt Collection Practices Act's 809(b) Defendant(s) failed to protect the credit rating of the Plaintiff without validating debt and while in dispute. 15 U.S.C. 1601, 15 U.S.C. 1692 1692-1622p. Also violating PA (UTPCPL) + Fair Credit Extension Uniformity Act, 2270.4

151. . Defendant(s) continued collection activity and reported misinformation to credit bureaus even when debt was not validated. "Fair Debt Collection Practices Act"809(b).

152. Defendant(s), and each of them, committed the acts herein alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

153. Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

154. Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

ALL FOR WHICH PLAINTIFF PRAY AS FOLLOWS:

**<u>On the First Claim for Relief</u>**

1. **Compensatory Damages in an amount to be proven at trial;**
2. **General Damages in the amount in excess of $500,000 or to be proven at trial;**
3. **Punitive Damages in the amount in excess of $500,000 or to be proven at trial;**
4. **Statutory Damages in the amount to be proven at trial;**
5. **Special Damages in the amount to be proven at trial;**

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

On the Second Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

On the Third Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

On the Fourth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;
2. General Damages in the amount in excess of $500,000 or to be proven at trial;
3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;
4. Statutory Damages in the amount to be proven at trial;
5. Special Damages in the amount to be proven at trial;
6. Treble Damages in the amount to be proven at trial;
7. Rescission of Loan;

On the Fifth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;
2. General Damages in the amount in excess of $500,000 or to be proven at trial;
3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;
4. Statutory Damages in the amount to be proven at trial;
5. Special Damages in the amount to be proven at trial;
6. Treble Damages in the amount to be proven at trial;
7. Rescission of Loan;

On the Sixth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;
2. General Damages in the amount in excess of $500,000 or to be proven at trial;
3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;
4. Statutory Damages in the amount to be proven at trial;
5. Special Damages in the amount to be proven at trial;
6. Treble Damages in the amount to be proven at trial;
7. Rescission of Loan;

On the Seventh Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;
2. General Damages in the amount in excess of $500,000 or to be proven at trial;
3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;
4. Statutory Damages in the amount to be proven at trial;
5. Special Damages in the amount to be proven at trial;
6. Treble Damages in the amount to be proven at trial;
7. Rescission of Loan;

On the Eighth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;
2. General Damages in the amount in excess of $500,000 or to be proven at trial;
3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;
4. Statutory Damages in the amount to be proven at trial;
5. Special Damages in the amount to be proven at trial;
6. Treble Damages in the amount to be proven at trial;
7. Rescission of Loan;

On the Ninth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;
2. General Damages in the amount in excess of $500,000 or to be proven at trial;
3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;
4. Statutory Damages in the amount to be proven at trial;
5. Special Damages in the amount to be proven at trial;
6. Treble Damages in the amount to be proven at trial;
7. Rescission of Loan;

On the Eleventh Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;
2. General Damages in the amount in excess of $500,000 or to be proven at trial;
3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;
4. Statutory Damages in the amount to be proven at trial;
5. Special Damages in the amount to be proven at trial;
6. Treble Damages in the amount to be proven at trial;
7. Rescission of Loan;

On the Twelfth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;
2. General Damages in the amount in excess of $500,000 or to be proven at trial;
3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;
4. Statutory Damages in the amount to be proven at trial;
5. Special Damages in the amount to be proven at trial;
6. Treble Damages in the amount to be proven at trial;
7. Rescission of Loan;

On the Thirteenth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

On the Fourteenth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

On the Fifteenth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;
2. General Damages in the amount in excess of $500,000 or to be proven at trial;
3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;
4. Statutory Damages in the amount to be proven at trial;
5. Special Damages in the amount to be proven at trial;
6. Treble Damages in the amount to be proven at trial;
7. Rescission of Loan;

On the Sixteenth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;
2. General Damages in the amount in excess of $500,000 or to be proven at trial;
3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;
4. Statutory Damages in the amount to be proven at trial;
5. Special Damages in the amount to be proven at trial;
6. Treble Damages in the amount to be proven at trial;
7. Rescission of Loan

On the Seventeenth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;
2. General Damages in the amount in excess of $500,000 or to be proven at trial;
3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;
4. Statutory Damages in the amount to be proven at trial;
5. Special Damages in the amount to be proven at trial;
6. Treble Damages in the amount to be proven at trial;
7. Rescission of Loan;

On the Eighteenth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;
2. General Damages in the amount in excess of $500,000 or to be proven at trial;
3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;
4. Statutory Damages in the amount to be proven at trial;
5. Special Damages in the amount to be proven at trial;
6. Treble Damages in the amount to be proven at trial;
7. Rescission of Loan

On the Nineteenth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

On the Twentieth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

On the Twenty First Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;
2. General Damages in the amount in excess of $500,000 or to be proven at trial;
3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;
4. Statutory Damages in the amount to be proven at trial;
5. Special Damages in the amount to be proven at trial;
6. Treble Damages in the amount to be proven at trial;
7. Rescission of Loan;

On the Twenty Second Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;
2. General Damages in the amount in excess of $500,000 or to be proven at trial;
3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;
4. Statutory Damages in the amount to be proven at trial;
5. Special Damages in the amount to be proven at trial;
6. Treble Damages in the amount to be proven at trial;
7. Rescission of Loan

On all Claims for Relief:

1. Cost of suit;

2. Attorneys fees; and,

3. Such other relief as the court deems just and proper.

Dated April 11, 2010

Kenneth J Taggart

Plaintiff

Pro Se

Certificate of Service

The undersigned certifies that on April 12, 2010, he caused a copy of 2nd Amended Complaint on case # 09-CV-1281 to be delivered and served to the Court via personal service. Additionally, the undersigned certifies that he caused a true and correct copy of the foregoing 2nd Amended Complaint be delivered and served on the following via personal service:

Blank Rome
John Lucian
130 n 18th St
1 Logan Square
Philadelphia, Pa 19103

Council for Defendants

FILED
APR 12 2010
MICHAEL E. KUNZ, Clerk
By ________ Dep. Clerk

Kenneth J Taggart
Pro se