# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| KENNETH J. TAGGART, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil No. 09-1281-MAM |
|  | ) |
| NORWEST MORTGAGE, INC., *et al.*, | ) |
|  | ) |
| Defendants. | ) |

**LIMITED REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant, Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., as successor in interest to Wells Fargo Home Mortgage, Inc. ("Wells Fargo") and as successor in interest to Norwest Mortgage, Inc. and on behalf of co-defendant Deutsche Bank National Trust Company, submits this Reply to Plaintiff Kenneth J. Taggart's Cross to Motion to Dismiss – Plaintiffs Rebuttal ("Opposition"). Wells Fargo believes that its Memorandum of Law in Support of the Motion to Dismiss sufficiently addresses all of the arguments raised in Plaintiff's Opposition except for the novel argument of equitable tolling of his RESPA claims, which is the limited issue addressed below.[1]

---

[1] It is unclear whether Plaintiff presents an argument in his Opposition regarding the application of equitable tolling to the statutory damage portion of his TILA claims. Equitable tolling is appropriate for a TILA claim: (1) where the plaintiff in some extraordinary way has been prevented from asserting his rights; (2) where the plaintiff timely asserted his rights in an improper forum; or (3) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action. *Morilus v. Countrywide Home Loans, Inc.*, No. 07-900, 2008 U.S. Dist. LEXIS 103556 at *29 (E.D. Pa. December 23, 2008). It is not alleged that Plaintiff timely asserted his rights in an improper forum and thus the second factor is not at issue. However, as the other two factors are similar to those required to equitably toll a RESPA claim, the following discussion addresses Wells Fargo's argument against the equitable tolling of the statutory damage portion of Plaintiff's TILA claims.

102116.00625/11940198v.1

## **REPLY**

As explained in Section I.A of Wells Fargo's Memorandum in Support of its Motion to Dismiss, Plaintiff's RESPA claim is barred by the one-year statute of limitations. RESPA requires that actions brought pursuant to 12 U.S.C. § 2607 be asserted within one year from the date of the occurrence of the violation. *See* 12 U.S.C. § 2614. Since the alleged RESPA violation occurred on September 15, 2006, the closing date of the mortgage loan, the one-year statute of limitations expired on September 15, 2007. Plaintiff's RESPA claims are time-barred because he did not assert them until February 24, 2009.

Plaintiff does not contest the one-year statute of limitations, the date of the alleged violation, or the date of the filing, but, rather, appears to argue that the limitations period should be equitably tolled. To invoke the doctrine of equitable tolling, a plaintiff must allege the following:

> (1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of his claim within the limitations period; and (3) where the plaintiff's ignorance is not attributable to his lack of reasonable due diligence in attempting to uncover the relevant facts.

*Cetel v. Kirwan Financial Group, Inc.* 460 F.3d 494, 509 (3d Cir. 2006), cert. denied, 127 S. Ct. 1267 (2007).

**1.  Wells Fargo did not actively mislead the Plaintiff.**

Plaintiff's Opposition argues that he was "willfully misled and defendant(s) committed fraud by failing to provide and concealing material facts of the loan in question." Opposition at 4. However, Plaintiff provides no facts to support his allegation that Wells Fargo purposely concealed any facts. He merely argues that Wells Fargo's alleged failure to timely give him certain disclosures should permit the equitable tolling of the statute of limitations. As explained

by the Courts of this district, "mere silence or nondisclosure is not enough to trigger estoppel[;] the adversary must commit some affirmative independent act of concealment upon which the plaintiff[] justifiably relied in order to toll the statute." *Heintz Corp. v. Electro Methods, Inc.*, No. 94-6916, 1995 U.S. Dist. LEXIS 8346 at *14 (E.D. Pa. June 20, 1995) (internal citations and quotations omitted). The only allegation made by Plaintiff to support this first factor is Wells Fargo's alleged failure to provide a disclosure. This allegation does not establish an affirmative act of concealment on the part of Wells Fargo. Further, it is unfounded and conclusory as Plaintiff provides no facts in the Amended Complaint to support his allegation. Thus, Plaintiff has not alleged sufficiently that he was willfully misled or the victim of an affirmative independent act of concealment.

**2. Plaintiff makes no allegations as to how he was prevented from discovering the alleged claims within the limitations period.**

Plaintiff argues that "the discovery rule" should permit equitable tolling to extend the statute of limitations on his RESPA claims. Opposition at 9. However, Plaintiff fails to refer to any allegations contained in the Amended Complaint to support this claim. He merely states in conclusory fashion that the discovery rule should apply because Wells Fargo "concealed the terms of the loan as much as possible and provided misleading terms to the Plaintiff." *Id.* Again, Plaintiff argues that Wells Fargo actively attempted to conceal material terms of his loan and willfully intended to mislead Plaintiff without providing any details to support his allegations, either in the Amended Complaint or the Opposition. *Id.* Accordingly, these conclusory allegations are insufficient to show how Plaintiff was prevented from discovering his alleged RESPA claims within the limitations period.

Case 2:09-cv-01281-MAM Document 27 Filed 04/02/09 Page 4 of 7

### 3. Plaintiff makes no allegations asserting reasonable due diligence in attempting to uncover the relevant facts to support his RESPA claims.

Plaintiff neither points to allegations in his Amended Complaint nor presents argument in his Opposition asserting his exercise of reasonable due diligence in attempting to uncover the facts necessary to bring his RESPA claims within the limitations period. While he makes unsupported allegations that Wells Fargo actively misled him and failed to make certain disclosures, he fails to assert why he could not uncover the facts necessary to assert a claim within the limitations period and what, if any, diligence he used in attempting to discover his claims. Thus, Plaintiff has not alleged sufficient facts that would permit the Court to equitably toll the statute of limitations regarding Plaintiff's RESPA claims.

### 4. Plaintiff's loan is not in collection or foreclosure.

Plaintiff further argues that equitable tolling should apply to his RESPA claims because his mortgage loan "is currently and has been in collection and foreclosure with the defendant(s) since legal action commenced." Opposition at 10. As the Court will recall from the initial conference for this matter held on May 1, 2009, the parties acknowledged that no foreclosure proceedings had been initiated. Further, Wells Fargo has not filed a foreclosure complaint against the Plaintiff's property and thus Plaintiff's statement quoted above is erroneous. The mere fact that the loan is delinquent does not mean that the mortgage loan is in foreclosure.

## **CONCLUSION**

For the reasons stated above and those asserted in the Memorandum of Law in Support of the Motion to Dismiss, the Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, Wells Fargo respectfully requests that the Court dismiss the Amended Complaint in its entirety and grant such other and further relief as may be just and equitable.

Respectfully submitted,

**BLANK ROME LLP**

Dated: October 2, 2009

By: */s/ Gregory F. Vizza*
John Lucian (I.D. No. 92317)
Gregory F. Vizza (I.D. No. 207095)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
(215) 569-5500
(215) 569-5555 (fax)
e-mail: lucian@blankrome.com
vizza@blankrome.com

Attorneys for Defendant, Wells Fargo Home Mortgage, Inc.

## **Certificate of Service**

I hereby certify that on this 2nd day of October, 2009, a copy of the foregoing Reply in Support of Defendants' Motion to Dismiss Amended Complaint was served on *pro se* Plaintiff Kenneth J. Taggart by overnight courier at 45 Heron Road, Holland, Pennsylvania 18966.

*/s/ Gregory F. Vizza*