```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH J. TAGGART               :      CIVIL ACTION
                                 :
            v.                   :
                                 :
NORWEST MORTGAGE, INC., et al.   :      No. 09-1281
```

ORDER

AND NOW, this 18th day of June, 2010, upon consideration of the defendants' Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 27), the plaintiff's Cross-Motion to Dismiss - Plaintiffs Rebuttal (Docket No. 30), and the defendants' reply thereto, IT IS HEREBY ORDERED that the defendants' motion to dismiss is GRANTED in part and DENIED in part.

The pro se plaintiff brings several claims involving a mortgage loan held on his property in Holland, Pennsylvania. The defendants are the current owner and servicer of the loan. The plaintiff alleges that the defendants are liable for violations of several federal and state statutes arising out of the formation and servicing of the loan.[1]

---

[1] The second amended complaint alleges violations of the following federal and state statutes: the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA"); the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"); the Pennsylvania Unfair Trade Practices and Consumer Protection Laws, 73 P.S. § 201.1, et seq. ("UTPCPL"); the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"); and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCA").

In a Memorandum and Order dated January 11, 2010, the Court granted in part and denied in part the defendants' motion to dismiss the plaintiff's first amended complaint.[2] The first amended complaint alleged claims against the defendants under thirty-nine counts. The Court dismissed seventeen counts with prejudice and twenty-one counts without prejudice. For all of the claims dismissed without prejudice, the Court found that the allegations in the first amended complaint failed to state claims upon which relief could be granted. The Court, however, granted the plaintiff the opportunity to file a second amended complaint stating facts sufficient to state such claims.[3]

The plaintiff filed his second amended complaint on April 12, 2010. It contains twenty-two counts alleging nearly identical claims to those made in the plaintiff's first amended complaint. The second amended complaint does expand on the factual allegations made in the first amended complaint. The factual allegations added to the second amended complaint, however, either (1) are redundant of allegations made in the first amended complaint or (2) fail to address the deficiencies

---

[2] That motion, like the instant motion, was brought by defendant Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), on behalf of all of the defendants. All of the defendants are represented by the same counsel.

[3] One count was dismissed in part, after the Court found that the plaintiff had stated facts sufficient to allege that the defendants reported derogatory entries regarding his loan to credit reporting agencies in violation of § 2605(e)(3) of TILA.

of the first amended complaint.

In the January 11 Memorandum, the Court held that several of the plaintiff's RESPA and TILA claims were barred by the applicable statutes of limitations. The Court, however, granted the plaintiff leave to amend his complaint to assert specific facts that would show that equitable tolling applied to those claims. Specifically, the plaintiff had leave to amend the complaint to show that the defendants intentionally misled him and that he exercised reasonable diligence in investigating these misrepresentations. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). The Court also allowed the plaintiff to amend his complaint to state specific facts sufficient to state a claim for common-law fraud or deception under the UTPCPL's catch-all provision, 73 P.S. § 201-2(4)(xxi).

The plaintiff has pled no such facts in the second amended complaint. Paragraph 19 lists the purported deceptive and misleading acts conducted by Decision One Mortgage Inc. ("Decision One"), the originator of the loan. Paragraph 20 lists the purported deceptive acts by the defendant American Servicing Company ("ACS") concerning the plaintiff's right to rescind his loan under TILA.

Virtually all of these allegedly deceptive acts were

included in the first amended complaint.[4]  For the reasons stated in the January 11 Memorandum, these allegations are not sufficient to trigger equitable tolling for the plaintiff's RESPA or TILA claims or to state claims under the UTPCPL.

The only new allegations in the second amended complaint concern Decision One's alleged failure to provide a representative at closing and the alleged failure to disclose the "Margin" on the loan prior to closing.  Such failures, however, do not show that the defendants intentionally misled or deceived the plaintiff.

The Court granted the plaintiff the opportunity to amend his complaint to state facts showing that he fulfilled the requirements of § 1681i(a)(2) of the FCRA by alleging that he contacted a credit reporting agency to notify it of a dispute regarding his loan.  The plaintiff was also permitted to amend his complaint to state facts sufficient to allege that his loan was in dispute at the time it was acquired by the defendants, as required under the § 1692a(6)(F)(iii) of the FDCPA.  The second amended complaint does not include these facts, and, therefore, fails to state a claim under either the FCRA or FDCPA.

---

[4]  The plaintiff alleges that Decision One provided the wrong disclosures, failed to provide certain disclosures at the required times, and failed to disclose or concealed terms of the loan.  The plaintiff also alleges that ACS misled him concerning his right to rescind his loan.  These allegations all appeared in the first amended complaint.

Because the plaintiff has failed to present any factual allegations sufficient to state a claim for any of the counts dismissed without prejudice in the Court's Memorandum and Order of January 11, 2010, the Court grants the defendants' motion to dismiss Counts 1-20 and 22 of the second amended complaint with prejudice.

Count 21 is dismissed in part.  For the reasons stated in the Court's January 11 Memorandum, the plaintiff's allegations stating a claim under § 2605(e)(3) of TILA, paragraphs 140 and 142 of the second amended complaint, remain.

BY THE COURT:


/s/Mary A. McLaughlin
MARY A. McLAUGHLIN, J.